IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS

| | |
|---|---|
| SHAWNTESHIA HOBSON, on her own behalf and on behalf of her minor child Morrice Hobson,<br><br>*Plaintiff*,<br><br>v.<br><br>MEAD JOHNSON & COMPANY, LLC, MEAD JOHNSON NUTRITION COMPANY, and PROTESTANT MEMORIAL MEDICAL CENTER, INC,<br><br>*Defendants*. | Case No. 3:24-cv-1615<br><br>Removed from: The Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois<br>Cause No. 24LA0735 |

**DEFENDANTS MEAD JOHNSON & COMPANY, LLC AND
MEAD JOHNSON NUTRITION COMPANY'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendants Mead Johnson & Company, LLC and Mead Johnson Nutrition Company (collectively, "Mead Johnson" or "Defendants"), by and through their attorneys, hereby remove the above-captioned action from the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, based on diversity of citizenship. In support of this Notice of Removal, the Defendants state the following:

**I. INTRODUCTION**

1. Plaintiff in this case is a citizen of Illinois asserting claims that arose in 2022 from the alleged consumption by her premature infant child of Mead Johnson's preterm infant formula products at Defendant Protestant Memorial Medical Center, Inc. ("Memorial Hospital") in Shiloh, Illinois. Complaint ¶¶ 3, 8-9. The infant thereafter allegedly developed Necrotizing Enterocolitis ("NEC"). Complaint ¶¶ 10-12. Plaintiff asserts a medical malpractice claim against Memorial Hospital, Complaint ¶¶ 97-103, which is an Illinois corporation with its principal place of business

in Illinois, Complaint ¶ 5.  The Illinois Healing Art Malpractice Act (Section 2-622), which sets out substantive requirements for medical malpractice claims, however, requires a Plaintiff to affix to her complaint at the time of filing an affidavit from a "reviewing health professional" stating "that there is a reasonable and meritorious cause for filing of such action."  735 ILCS 5/2-622(a)(1).  "[F]ailure to attach the required documents warrants dismissal without prejudice," because the statute is intended as "as a tool to reduce frivolous lawsuits by requiring a minimum amount of merit."  *Brooks v. HSHS Med. Grp., Inc.*, No. 3:18-CV-1097-NJR-GCS, 2019 WL 2139993, at *1 (S.D. Ill. May 16, 2019).

2.      Plaintiff did not, however, attach a certificate of merit to her Complaint, and her medical malpractice claim against Memorial Hospital is, therefore, without "the minimum amount of merit."  *Brooks*, 2019 WL 2139993, at *1.  Accordingly, Memorial Hospital was fraudulently joined to this action in order to prevent removal under the forum defendant rule found at 28 USC §1441(b)(2) and by destroying the complete diversity required by 28 U.S.C. § 1332(a).[1]  *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) (diverse defendants are fraudulently joined if there is no "reasonable possibility" that the plaintiff could prevail against the non-diverse defendant).

3.      Once Memorial Hospital's presence in this case is disregarded as required by the fraudulent joinder doctrine, complete diversity exists, as do all the other requirements for federal subject matter jurisdiction.  Mead Johnson has filed this notice within 30 days of receipt of service of the Complaint.  The amount in controversy exceed $75,000.  And Mead Johnson will provide notice to Plaintiffs and to the state court as prescribed by 28 USC §1446.

---

[1] Plaintiff's counsel has filed hundreds of similar cases in Madison and St. Clair counties, and this is the only one in which they have included a hospital defendant, suggesting that the hospital was added for purely tactical reasons, to prevent removal.

## II. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFF AND THE PROPER DEFENDANTS.

4. Complete diversity of citizenship exists between the Plaintiff and the properly joined Defendants, i.e., the Defendants other than Memorial Hospital.

5. Plaintiff Shawnteshia Hobson is a citizen of Illinois. *See* Complaint ¶ 3. Her infant son is, therefore, also a citizen of Illinois. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("Since most minors are legally incapable of forming the requisite intent to establish a domicile, their domicile is determined by that of their parents.").

6. Defendant Mead Johnson Nutrition Company is a corporation, incorporated under the laws of the State of Delaware. Its principal place of business is Evansville, Indiana. Mead Johnson & Company, LLC is a limited liability company, organized under the laws of the State of Delaware. Its citizenship is that of its sole member, Mead Johnson Nutrition Company. Thus, Mead Johnson is a citizen of Delaware and Indiana.[2] 28 U.S.C. § 1332(c)(1) ("A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

7. Because Plaintiff and Defendants are citizens of different states, the parties are diverse pursuant to 28 U.S.C. § 1332(a).

---

[2] While Plaintiff alleges that Mead Johnson Nutrition Company's principal place of business is in Illinois, *see* Complaint ¶ 4, this is incorrect. As Plaintiff's counsel is well aware, and as multiple courts have concluded, Mead Johnson's principal place of business is in Indiana. *See Grosshuesch v. Mead Johnson & Co., LLC*, 2022 WL 179041, at *2 (S.D. Ill. Jan. 20, 2022) ("In deciding whether to remand a case, the Court assumes the truth of the factual allegations of the complaint *unless they are contradicted by evidence* (such as affidavits) submitted by the defendant. This Court has no doubt that the Mead defendants have shown they are citizens of Delaware and Indiana, not Illinois." (citations omitted, emphasis in original)); *see also Harden v. Mead Johnson & Co., LLC*, No. 24 CV 108, 2024 WL 2882214, at *5 (N.D. Ill. June 7, 2024); *Alexander v. Mead Johnson & Co., LLC*, 2022 WL 2156140, at *2-3, n. 1 (S.D. Ill. June 15, 2022) (citing *Koeth v. Mead Johnson & Co.*, LLC, 1:21-cv-06234, ECF Doc. # 30 (N.D. Ill. Feb. 23, 2022)); *Dowswell v. Mead Johnson & Co., LLC*, 2022 WL 2801018, at *2 (S.D. Ill. July 18, 2022);

**III.     REMOVAL IS TIMELY.**

8.   Since Mead Johnson was served with the Complaint on May 29, 2024, removal is timely. 28 U.S.C. § 1441(b)(1).

**IV.     THE AMOUNT IN CONTROVERSEY EXCEEDS $75,000**

9.   Diversity jurisdiction under 28 U.S.C. § 1332 also requires that the amount in controversy, exclusive of interest and costs, be in excess of $75,000.

10.   The Complaint alleges that Morrice Hobson was born prematurely in Shiloh, Illinois at Memorial Hospital, where he was fed "Enfamil cow's milk-based-products by staff at Memorial Hospital" and developed a serious medical condition known as necrotizing enterocolitis ("NEC"). Complaint ¶¶ 8-10.

11.   The Complaint alleges as damages "compensatory damages," "damages for past, present, and future emotional distress, loss of enjoyment of life, pain and suffering, mental anguish, and other non-economic losses," and "past, present, and future out-of-pocket costs, lost income and/or lost revenue, and/or lost profits, and/or lost business opportunity, lost earning capacity, and costs related to medical or mental health treatment." Complaint ¶¶ 104-06.

12.   Mead Johnson believes that Plaintiff's claims are without merit, and that Plaintiff is not entitled to any damages. But facially, the Complaint establishes that it is more likely than not that the damages sought by Plaintiff will exceed $75,000.00, exclusive of interest and costs. *See McCoy by Webb v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) ("[C]ourts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount.").

13.   That is particularly true here, given that a jury recently awarded $60 million on the basis of nearly identical claims. *See Watson v. Mead Johnson*, Case No. 2021-L-1032.

14.     "An alleged amount in controversy satisfies the jurisdictional requirement so long as it is not legally impossible for the claimant to recover that amount in damages on the claim." *Knopick v. Jayco, Inc.*, 895 F.3d 525, 529 (7th Cir. 2018) (citing *Grinnell Mutual Reinsurance Co. v. Haight*, 697 F.3d 582, 585 (7th Cir. 2012)). An award of more than $75,000 "is not legally impossible." *Id.* It is therefore apparent from the face of the Complaint that more than $75,000, exclusive of interest and costs, is in controversy in this case.[3]

V.   **MEMORIAL HOSPITAL IS FRAUDULENTLY JOINED BECAUSE PLAINTIFF FAILED TO STATE A VIABLE MEDICAL MALPRACTICE CLAIM AGAIN MEMORIAL HOSPITAL.**

15.     The only non-diverse defendant in this case is Memorial Hospital. *See supra* ¶¶ 1, 5-6. A party may not defeat diversity jurisdiction, however, by fraudulently joining a non-diverse defendant with a claim that has "no reasonable possibility of success." Because Plaintiff did not include a certificate of merit as required by the Illinois Healing Art Malpractice Act to state a non-frivolous claim, her claim against Memorial Hospital, as pleaded "has no chance of success" and Memorial Hospital's citizenship should be disregarded for purposes of determining diversity jurisdiction. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).

16.     In the Seventh Circuit, under the fraudulent joinder doctrine, a party may not defeat federal jurisdiction by naming as a defendant an improperly joined non-diverse entity or individual. *See Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993) ("Diversity jurisdiction cannot be destroyed by joinder of nondiverse parties if such joinder is fraudulent. In determining whether there is diversity of citizenship, parties fraudulently joined are disregarded."). To determine whether a party was fraudulently joined, courts must ask whether there is "any

---

[3] Mead Johnson does not concede that Plaintiff is entitled to recover more than $75,000, and denies that Plaintiff is entitled to recover any damages. *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) ("A removing defendant need not 'confess liability in order to show that the controversy exceeds the threshold.'").

reasonable possibility" that the plaintiff could prevail against the non-diverse defendant. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992); *see also In re Abbott Lab'ys*, No. 22 C 71 (MDL 3026), 2022 WL 3586150, at *6 (N.D. Ill. Aug. 22, 2022) (concluding that fraudulent joinder applies to 28 U.S.C. § 1441(b)(2) such that "where an in-state defendant is fraudulently joined, the forum-defendant rule does not impede an out-of-state defendant's statutory right of removal").

17. In making that determination, the court looks only at "the plaintiffs' pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939). "The question then is whether the original complaint set forth [a viable claim]." *Id.* at 538; *see also United Farm Bureau Mut. Ins. Co. v. Metro. Hum. Rels. Comm'n*, 24 F.3d 1008, 1014 (7th Cir. 1994) ("It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed." (quoting *In re Carter*, 618 F.2d 1093, 1101 (5th Cir.1980)).

18. It is clear that Plaintiff's medical malpractice claim against Memorial Hospital has no reasonable possibility of success as filed. The Illinois Healing Art Malpractice Act, Section 2-622, requires plaintiffs asserting medical malpractice claims to attach to the complaint an affidavit certifying that a qualified health professional "has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action." 735 ILCS 5/2-622(a)(1).

19. If a plaintiff does not attach a certificate of merit, she must instead attach an affidavit stating either: (i) that plaintiff was not able to consult with a medical professional "before the expiration of the statute of limitations" in which case the "certificate shall be filed within 90 days after the filing of the complaint," 735 ILCS 5/2-622(a)(2); or (ii) that plaintiff was not able to obtain a certificate of merit because the plaintiff had requested, but had not received, medical

records, in which case the certificate of merit "shall be filed within 90 days following receipt of the requested records." 735 ILCS 5/2-622(a)(3).

20. That is not a mere procedural requirement. The Illinois Healing Art Malpractice Act was passed specifically "to reduce frivolous lawsuits **by requiring a minimum amount of merit**, not a likelihood of success." *Brooks v. HSHS Med. Grp., Inc.*, No. 3:18-CV-1097-NJR-GCS, 2019 WL 2139993, at *1 (S.D. Ill. May 16, 2019) (emphasis added). As an Illinois appellate court has explained, the "underlying purpose of section 2–622 [is] screening out frivolous and non-meritorious medical malpractice lawsuits," *i.e.*, lawsuits where no qualified medical professional would provide a certificate of merit. *Iaccino v. Anderson*, 406 Ill. App. 3d 397, 403, 940 N.E.2d 742, 748 (2010). To achieve that goal, "the legislature has made the filing of a section 2–622 certificate of merit **a condition of proceeding with a meritorious medical malpractice action**." *Miller v. Gupta*, 174 Ill. 2d 120, 126, 672 N.E.2d 1229, 1232 (1996) (emphasis added).

21. Accordingly, "failure to attach the required documents **warrants dismissal** without prejudice," because the requirement was passed in order "to reduce frivolous lawsuits **by requiring a minimum amount of merit**, not a likelihood of success." *Brooks*, 2019 WL 2139993, at *1 (emphases added); *see also* 735 ILCS 5/2-622(g). Without this certificate, Plaintiff's claim does not demonstrate the "minimum amount of merit" that state law requires for her claim to proceed. *Brooks*, 2019 WL 2139993, at *1. Thus, "in order for Plaintiff to have a possibility of success in state court against [Memorial Hospital], a section 2–622 certificate would be required." *Hill v. C.R. Bard, Inc.*, 582 F. Supp. 2d 1041, 1048-49 (C.D. Ill. 2008).

22. Plaintiff's only claim against Memorial Hospital is for medical malpractice, Complaint at 24, but she did not file a certificate of merit or avail herself of either of the exceptions

in 735 ILCS 5/2-622(a)(2)-(3).[4]  Nor has she filed one since.  Consequently, the deadline for Plaintiff to file a certificate of merit has passed.  *Cf. In re Abbott Lab'ys, et al., Preterm Infant Nutrition Prod. Liab. Litig.*, No. MDL 3026, 2022 WL 7501283, at *3 (N.D. Ill. Oct. 12, 2022) (claims against Pennsylvania hospitals were not fraudulently joined because, under Pennsylvania law, the deadline to file certificates of merit had *not* passed when the cases were removed).  And, because "removability is determined from the record before the court at the time the notice of removal is filed in federal court," the failure to attach a certificate of merit is fatal.  *In re Abbott Lab'ys, et al., Preterm Infant Nutrition Prod. Liab. Litig.*, No. MDL 3026, 2022 WL 7501283, at *3 (N.D. Ill. Oct. 12, 2022) (citing 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3723 (rev. 4th ed. 2022))

23. Without this certificate, Plaintiff's claim does not have the "minimum amount of merit" that state law requires for her claim to proceed.  *Brooks*, 2019 WL 2139993, at *1. As a result, Plaintiff's claim against Memorial Hospital does not have "a possibility of success in state court," *Hill*, 582 F. Supp. 2d at 1048-49, and Memorial Hospital is fraudulently joined.[5]  Because

---

[4] Nor could she have availed herself of either of the exceptions to submitting the certificate at the same time as filing her complaint, as those exceptions apply only when (1) a plaintiff was not able to consult with a medical professional "before the expiration of the statute of limitations," 735 ILCS 5/2-622(a)(2), or (2) when "the plaintiff had requested, but had not received, medical records," 735 ILCS 5/2-622(a)(3).  Because Plaintiff brings this suit on behalf of a minor, the statute of limitations has not yet come close to passing, and Plaintiff has already shared both her and the minor child's relevant medical records with Defendants, meaning they were in her possession.

[5] It bears noting that Plaintiff's counsel had readily available resources to file a certificate of merit if there was any basis for one.  Plaintiff is represented by the same counsel who tried a very similar NEC case against Mead Johnson that involved the use of Mead Johnson's preterm formula ***at the same hospital they now seek to sue***.  Plaintiff's counsel used two retained neonatologists in that case who could presumably supply a certificate of merit if there were any basis for one.  The absence of a certificate from either of these experts is not surprising, however, given that both testified that Memorial Hospital did nothing wrong in providing Mead Johnson's preterm formula. *See, e.g.*, *Watson v. Mead Johnson*, Case No. 2021-L-1032, 2/27/2024 Trial Tr. at 1609 (Plaintiffs' expert neonatologist Dr. Brian Sims testifying that: "And, in fact, you don't take issue with the

Memorial Hospital is a fraudulently joined defendant, its presence here must be disregarded, and complete diversity exists. Accordingly, this Court has federal jurisdiction over the remaining, completely diverse parties.

VI. **NON-WAIVER OF DEFENSES**

24. By filing this Notice of Removal, Defendants do not waive any available defenses, including, but not limited to, those defenses available under Rule 12 of the Federal Rules of Civil Procedure or otherwise. *Prod. Components, Inc. v. Regency Door & Hardware, Inc.*, 568 F. Supp. 651, 655 (S.D. Ind. 1983) ("Upon removal a defendant may assert any defense that would have been available to him in state court and which has not been lost through the operation of either Fed.R.Civ.P. 12(g) or (h)."); *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020) ("On removal, a defendant brings its defenses with it to federal court."); id. (collecting cases); *see also* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1395 (3d ed. 2019) ("A party who removes an action from a state to a federal court does not thereby waive any of his or her Federal Rule 12(b) defenses or objections."); 17 James Wm. Moore, *Moore's Federal Practice* § 111.36[5][b] (3d ed. 2019).

VII. **REMOVAL OF THIS ACTION IS PROPER, AND MEAD JOHNSON WILL PROVIDE NOTICE AS REQUIRED BY 28 USC §1446(d)**

25. Complete diversity exists between Plaintiff, a citizen of Illinois, and the properly joined Defendants, which are citizens of Delaware and Indiana, and the amount in controversy

---

decision of the doctors and the health care providers at those hospitals to provide Chance with cow's milk-based preterm formula, right? A. I did not take issue."; "Q. And to be more specific, you don't criticize the decision of the folks at those hospitals to give Chance cow's milk-based preterm formula to make sure that he was receiving some form of nutrition, right? A. Correct."); *see also Watson v. Mead Johnson*, Case No. 2021-L-1032, 3/4/2024 Trial Tr. at 2970 (Plaintiffs' expert neonatologist Dr. Jonathan Swanson testifying that: "There's absolutely times when formula is required.").

exceeds $75,000. Accordingly, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a).

26. Further, because Memorial Health was fraudulently joined, its consent to removal is not required. *In re Pradaxa (Dabigatran Etexilate) Prod. Liab. Litig.*, No. 3:12-CV-60092-DRH, 2013 WL 656822, at *2 (S.D. Ill. Feb. 22, 2013) ("Federal courts, however, uniformly recognize that fraudulently joined defendants and unserved defendants are not required to join in the removal.").

27. Defendants will provide Plaintiff with prompt written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d), and Defendants will file a copy of this Notice of Removal with the Clerk of the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, where the Complaint was originally filed.

WHEREFORE, the Defendants request that this action be removed from the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, to the United States District Court for the Southern District of Illinois.

Dated: June 27, 2024

/s/Anthony J. Anscombe
Anthony J. Anscombe (IL # 6257352)
Jamie N. Witte (IL #6335183)
STEPTOE LLP
227 West Monroe Ave., Suite 4700
Chicago, IL 60606
(312) 577-1300
aanscombe@steptoe.com
jwitte@steptoe.com

*Attorneys for Defendants Mead Johnson Nutrition Company and Mead Johnson & Company, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of June, 2024 the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/Anthony J. Anscombe*
Anthony J. Anscombe

Case 3:24-cv-01615-SPM    Document 1    Filed 06/27/24    Page 11 of 11    Page ID #11