# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
### EAST ST. LOUIS DIVISION

| | |
|---|---|
| SHAWNTESHIA HOBSON, on her own behalf and on behalf of her minor child, M.H., )<br><br>*Plaintiff*,<br><br>v.<br><br>MEAD JOHNSON & COMPANY, LLC, MEAD JOHNSON NUTRITION COMPANY, and PROTESTANT MEMORIAL MEDICAL CENTER, INC. D/B/A MEMORIAL HOSPITAL – SHILOH,<br><br>*Defendants.* | Case No: 3:24-cv-1615-SPM |

**PLAINTIFF'S EMERGENCY MOTION TO REMAND**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1

BACKGROUND .................................................................................................................. 2

LEGAL STANDARDS ........................................................................................................ 3

ARGUMENT ....................................................................................................................... 4

I.    MEMORIAL HOSPITAL IS NOT FRAUDULENTLY JOINED .................................... 5

II.    THE COURT SHOULD AWARD ATTORNEYS' FEES AND COSTS ........................ 11

CONCLUSION .................................................................................................................. 13

## INTRODUCTION

This case was properly filed in Illinois state court. But in what has become a pattern of obstruction and delay, Defendants Mead Johnson & Company, LLC and Mead Johnson Nutrition Company (together, "Mead Johnson") removed it to federal court alleging, yet again, that a non-diverse defendant was fraudulently joined. Dkt. 1. Mead Johnson's removal is part of an ongoing pattern of frivolous removals, the purpose of which is solely to delay trials and frustrate justice. The removal is so frivolous that this action should be remanded to state court immediately. with an award of fees and costs to finally stem these unfounded dilatory tactics.

Plaintiff Shawnteshia Hobson's Motion to Remand should be granted because complete diversity does not exist. Ms. Hobson is a resident of Illinois. So too is defendant Protestant Memorial Medical Center ("Memorial Hospital"). And Mead Johnson cannot prove fraudulent joinder of Memorial Hospital for multiple, independent reasons. Nobody knows this better than Mead Johnson in the ongoing necrotizing enterocolitis ("NEC") litigation, because these removals have been done in dozens of cases across multiple jurisdictions, from California to Pennsylvania and even across the river in St. Louis, Missouri. In every single instance, the case was remanded. Armed with full knowledge that this case cannot proceed in federal court, why does Mead Johnson remove?

Because staying in federal court is not Mead Johnson's aim. Mead Johnson's removal is an effort to throw sand in the gears of justice, hoping this Court will slow-walk a decision on Ms. Hobson's Motion so it can avoid a trial for as long as possible—particularly in light of a recent St. Clair County jury verdict that awarded a plaintiff with "nearly identical claims" a $60 million judgment against Mead Johnson. Dkt. 1 ¶ 13. Should this case be delayed and eventually shuttled off to the NEC multi-district litigation ("MDL") as Mead Johnson requests, remand is a foregone conclusion. After all, that MDL already remanded cases baselessly removed from multiple other

states—including for failure to file certificates of merit, the sole basis alleged for fraudulent joinder here. But that MDL ruling for Ms. Hobson would be "relief" in name only, as Mead Johnson would have secured its sought after months of precious delay. Mead Johnson's obstruction should not be countenanced. This Court should swiftly remand this matter to state court and award Ms. Hobson attorneys' fees and costs to discourage similar, dilatory removal attempts in the future.

## BACKGROUND

Ms. Hobson is the mother of M.H.[1] Her family's life was forever changed by a devastating and often deadly disease called necrotizing enterocolitis ("NEC"). M.H. was born prematurely in 2022 at Memorial Hospital here in Illinois, was given cow's milk-based infant nutrition products manufactured by Mead Johnson, and developed NEC shortly thereafter. NEC caused him significant injuries in his intestines, and he lives with the carry-on effects of those injuries even today.

Mead Johnson's cow's milk-based infant nutrition products drastically increase the risk that a premature infant like M.H. will develop NEC. On May 28, 2024, Ms. Hobson filed a complaint in the Twentieth Judicial Circuit in St. Clair County, Illinois asserting claims against Mead Johnson for strict liability design defect, strict liability failure to warn, negligence, intentional misrepresentation, and negligent misrepresentation. Dkt. 1-1 (Complaint) ¶¶ 50–96. Ms. Hobson also asserted a claim against Memorial Hospital for medical malpractice for giving Mead Johnson's cow's milk-based infant formula products to M.H. and failing to warn Ms. Hobson of the products' risks. *Id.* ¶¶ 97–103.

On June 27, 2024, Mead Johnson removed this case to federal court asserting diversity jurisdiction on the specious ground that Memorial Hospital was fraudulently joined. Dkt. 1

---

[1] M.H. is a minor. Federal Rule of Civil Procedure 5.2(a)(3) mandates that only his initials may be used. Mead Johnson's filings improperly use M.H.'s full name, in violation of Rule 5.2(a)(3).

2

("Notice of Removal"). Mead Johnson's only asserted basis for fraudulent joinder is that her medical malpractice claim supposedly cannot succeed because Ms. Hobson "did not file a certificate of merit" under 735 ILCS 5/2-622(a) with her complaint. *Id.* ¶ 22. Mead Johnson's argument is frivolous, and Ms. Hobson now moves to remand this action to state court.

## LEGAL STANDARDS

A defendant may remove a case from state court only if the district court originally would have had jurisdiction. 28 U.S.C. § 1441(a); *Long v. John Crane, Inc.*, 2023 WL 4558513, at *2 (S.D. Ill. July 17, 2023). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Long*, 2023 WL 4558513, at *2 (quoting *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009)). Courts "presume that the plaintiff may choose his or forum," so "there is a strong presumption in favor of remand." *Campbell v. Waste Mgmt. of Ill., Inc.*, 2021 WL 5783152, at *1 (S.D. Ill. Dec. 7, 2021) (McGlynn, J.) (internal quotation marks omitted).

"To establish fraudulent joinder, a removing defendant must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Bayer v. Boehringer Ingelhiem Pharms., Inc.*, 2021 WL 4192142, at *1 (S.D. Ill. Sept. 15, 2021) (McGlynn, J.) (quoting *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013)). "Put differently, the defendant has the 'heavy burden' of showing that the plaintiff's claim has 'no chance of success' against the non-diverse defendant." *Id.* (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)). "The motive of the plaintiff in joining the in-state defendant is irrelevant." *Kocot v. Alliance Mach. Co.*, 651 F. Supp. 226, 227 (S.D. Ill. 1986). "Fraudulent joinder must be pled with particularity and be supported by clear and convincing evidence." *Long*, 2023 WL 4558513, at *3.

A removing defendant's "burden of proof to produce clear and convincing evidence of fraudulent joinder . . . is not met by pointing to supposed defects in Plaintiffs' pleading of their claims against the diversity-defeating Defendant." *Hardaway v. Merck & Co.*, 2006 WL 2349965, at *2 (S.D. Ill. Aug. 11, 2006). The removing defendant must affirmatively establish that any problem in the plaintiff's pleading could not be cured by repleading. *Korein Tillery, LLC v. Advanced Analytical Consulting Grp., Inc.*, 2017 WL 4005926, at *4 (S.D. Ill. Sept. 12, 2017) (even though defendant's argument "may be enough to support dismissal of the complaint—without prejudice and with leave to replead—this pleading shortcoming does not show by clear and convincing evidence that Korein Tillery cannot establish a fraud cause of action" as "a court is likely to allow Korein Tillery leave to replead").

**ARGUMENT**

Remand is necessary because complete diversity does not exist. Ms. Hobson and M.H. are citizens of Illinois, and Memorial Hospital is both incorporated in Illinois and its principal place of business is there.² Notice of Removal ¶ 5; Dkt. 1-1 ¶¶ 3, 5. Judge Pallmeyer, who is overseeing similar cases in the federal MDL, has already told defendants when ruling on prior baseless removals of NEC cases, that negligence claims against hospital defendants have merit. *In re Abbott Labs. Preterm Infant Nutrition Prods. Liab. Litig.*, 2022 WL 3586150, at *7–9 (N.D. Ill. Aug. 22, 2022). Mead Johnson thus argues that Memorial Hospital is fraudulently joined because Ms. Hobson's medical malpractice claim against Memorial Hospital supposedly cannot succeed because she did not attach a certificate of merit under 735 ILCS 5/2-622. But as the cases cited in

---

² For federal district courts to have original subject matter jurisdiction, the parties must be completely diverse. 28 U.S.C. § 1332(a)(1). "Complete diversity means that 'none of the parties on either side of the litigation may be a citizen of a state of which a party on the other side is a citizen." *Campbell*, 2021 WL 5783152, at *1 (quoting *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997)).

4

Mead Johnson's *own* Notice of Removal show, Mead Johnson's argument is meritless. Not only has Ms. Hobson now corrected any noncompliance with Section 2-622 by producing a certificate of merit with this motion, but even if she was noncompliant, Section 2-622 is only a technical pleading requirement and noncompliance says nothing about whether her claim against Memorial Hospital will succeed. Because Mead Johnson knew removal was improper and its decision to do so anyway was objectively unreasonable, the Court should award Ms. Hobson her attorneys' fees and costs incurred to return this case to its proper forum in state court.

I.     **Memorial Hospital Is Not Fraudulently Joined**

Mead Johnson cannot meet its "heavy burden" of proving by clear and convincing evidence that Ms. Hobson's claim against Memorial Hospital "has no chance of success." *Bayer v. Boehringer Ingelhiem Pharms., Inc.*, 2021 WL 4192142, at *1 (S.D. Ill. Sept. 15, 2021) (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)). The sole basis for Mead Johnson's fraudulent joinder argument is that Ms. Hobson "did not . . . attach a certificate of merit [under 735 ILCS 5/2-622(a)(1)] to her Complaint" for her medical malpractice claim against Memorial Hospital. Notice of Removal ¶ 2; *see also id.* ¶¶ 15, 18–23. The lack of a certificate of merit with Ms. Hobson's state court complaint does not establish fraudulent joinder for three independent reasons.

*First*, Ms. Hobson has obtained and submitted an affidavit of merit, attached as Exhibit 1. The only other court to address this precise circumstance—where a defendant removed to federal court relying on fraudulent joinder based, in part, on the plaintiff's failure to file a certificate of merit against a non-diverse defendant and the plaintiff later submitted the certificate—refused to find fraudulent joinder and granted remand. *Livingston v. Hoffman-La Roche, Inc.*, 2009 WL 2448804, at *5 (N.D. Ill. Aug. 6, 2009) ("Livingston has since filed the affidavit and report.

5

Accordingly, he has fixed his mistake and we refuse to find fraudulent joinder." (citation omitted)). The Court should reach the same result and grant remand here.

Indeed, now that Ms. Hobson has submitted an affidavit of merit, it makes no sense for this case to remain in federal court because even in a world where Memorial Hospital is dismissed, Ms. Hobson would inevitably be allowed to join Memorial Hospital again. This is so because "when a claim is dismissed for failure to include a section 2–622 affidavit and report, the dismissal should be without prejudice" and "the plaintiff should have the opportunity to amend her complaint." *Hahn v. Walsh*, 762 F.3d 617, 633–34 (7th Cir. 2014). "[F]ailure to permit a plaintiff to amend his complaint in order to comply with section 2–622 [is] an abuse of discretion" and reversible error. *Id.* at 634 (footnote omitted); *see also Murphy v. Wexford Health Sources, Inc.*, 2021 WL 2435632, at *7 (S.D. Ill. June 15, 2021) ("[F]ailure to comply with the requirement is not grounds for dismissal with prejudice."). Thus, even if a court dismissed Memorial Hospital without prejudice due to the lack of a certificate of merit with Ms. Hobson's complaint, Ms. Hobson would be able to amend to resubmit the affidavit and join Memorial Hospital— destroying complete diversity and compelling remand. *See Miller v. Purepac Pharm. Co.*, 2007 WL 9813045, at *2 (N.D. Ill. June 25, 2007) (granting motion to amend complaint to add non-diverse defendant even though plaintiff had not yet submitted certificate of merit because on remand she could "seek leave of the Circuit Court of Cook County to comply with section 2-622, and that court can determine whether Miller's failure is excusable").

Courts addressing other instances where a defendant might be dismissed but could "be reinstated" or brought back into a lawsuit have also held that fraudulent joinder cannot be established, particularly because any "doubts" about whether the defendant could rejoin the suit must be "resolve[d] . . . in favor of remand." *Scheinman v. BMW of N. Am., LLC*, 2010 WL

6

3937489, at *3 (N.D. Ill. Sept. 30, 2010) (granting remand even though defendant had "satisfied the conditions needed for dismissal" because of "the possibility of reinstatement"); *Cincinnati Ins. Co. v. Production Design Prods., Inc.*, 2007 WL 1021975, at *7 (S.D. Ill. Apr. 3, 2007) (granting remand motion because the dismissal would be "without prejudice" so defendant "failed to meet its heavy burden of establishing fraudulent joinder").

*Second*, even disregarding that Ms. Hobson has now cured any deficiencies, noncompliance with Section 2-622 cannot support fraudulent joinder because it has nothing to do with whether Ms. Hobson has a viable claim against Memorial Hospital. Taking all factual and legal issues in Ms. Hobson's favor, as this Court must, Mead Johnson must prove that Ms. Hobson "cannot establish a cause of action" against Memorial Hospital, *i.e.*, that she "has no chance of success." *Bayer*, 2021 WL 4192142, at *1 (internal quotation marks omitted). That burden cannot be "met by pointing to supposed defects" in "pleading . . . claims against the diversity-defeating Defendant." *Hardaway v. Merck & Co.*, 2006 WL 2349965, at *2 (S.D. Ill. Aug. 11, 2006) (granting remand motion where defendant argued that "Plaintiffs have failed adequately to plead their claims" against non-diverse defendant); *Korein Tillery, LLC v. Advanced Analytical Consulting Grp., Inc.*, 2017 WL 4005926, at *4 (S.D. Ill. Sept. 12, 2017) (even though defendant's argument "may be enough to support dismissal of the complaint—without prejudice and with leave to replead—this pleading shortcoming does not show by clear and convincing evidence that Korein Tillery cannot establish a fraud cause of action" as "a court is likely to allow Korein Tillery leave to replead").

Failure to file a Section 2-622 affidavit has nothing to do with the merits of Ms. Hobson's claim against Memorial Hospital or her chances of success. "Section 2–622 is a pleading requirement" and "not a substantive defense which may be employed to bar plaintiffs who fail to

7

meet its terms." *Hahn*, 762 F.3d at 634 (quoting *Cammon v. W. Suburban Hosp. Med. Ctr.*, 301 Ill. App. 3d 939, 949 (1st Dist. 1998)). Because Section 2-622 is merely a "technical pleading requirement[]," it "should not be utilized to deprive a plaintiff of a trial on the merits of a medical malpractice claim." *Leask v. Hinrichs*, 232 Ill. App. 3d 332, 339 (2d Dist. 1992); *Cato v. Attar*, 210 Ill. App. 3d 996, 999 (2d Dist. 1991) ("[T]he absence of the affidavit at the time of filing does not strike the death knell for a medical malpractice claim." (quoting *Walter v. Hill*, 156 Ill. App. 3d 708, 710 (3d Dist. 1987)); *Walter*, 156 Ill. App. 3d at 711("The failure to attach the affidavit of merit at the time the complaint was originally filed was merely a minor technical error."); *see also Brooks v. HSHS Med. Grp., Inc.*, 2019 WL 2139993, at *2 (S.D. Ill. May 16, 2019) (noncompliance with Section 2-622 is "[a] mere oversight [that] does not warrant dismissal"). Indeed, in federal court the rule does not even require a certificate at the time of pleading. *Young v. U.S.*, 942 F.3d 349, 351–52 (7th Cir. 2019). Because noncompliance with Section 2-622 does not go to the merits of a plaintiff's claims, any dismissal for noncompliance must be without prejudice as explained above. Accordingly, the lack of an affidavit of merit with Ms. Hobson's original complaint is a mere "pleading shortcoming" that can be corrected and cannot support fraudulent joinder. *Korein Tillery*, 2017 WL 4005926, at *4.

The cases cited by Mead Johnson in its Notice of Removal do not hold otherwise. In *Brooks v. HSHS Medical Group, Inc.*, the court *denied* a motion to dismiss based on the plaintiff's failure to comply with Section 2-622 because doing so "would permit a defendant to use Section 2-622 as a substantive defense to bar a plaintiff from establishing her case." 2019 WL 2139993, at *1–2 (S.D. Ill. May 16, 2019). Defendants know well, because Judge Pallmeyer told them in previously efforts to remove NEC cases properly brought in state court, that the standard for fraudulent joinder "is even more favorable to the plaintiff than the standard that applies to a motion

8

to dismiss." *In re Abbott Labs. Preterm Infant Nutrition Prods. Liab. Litig.*, 2022 WL 3586150, at *4 (N.D. Ill. Aug. 22, 2022) (quoting *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 764 (7th Cir. 2009)). *Brooks* underscores why Mead Johnson cannot prove fraudulent joinder here and remand is necessary.

The only other case Mead Johnson cites that even involves the question of removal did in fact deny remand, but not for failure to comply with Section 2-622. Instead, it denied remand because the "the statute of limitations on her case w[ould] have run" by the time remand happened. *Hill v. C.R. Bard, Inc.*, 582 F. Supp. 2d 1041, 1048 (C.D. Ill. 2008); *id.* at 1049 ("[E]xpiration of a statute of limitations for a cause of action against a party can preclude success against that party in state court, and thus be grounds for a finding of fraudulent joinder."). The remaining cases merely discuss the general legislative goals behind Section 2-622. *See Miller v. Gupta*, 174 Ill. 2d 120, 126 (1996); *Iaccino v. Anderson*, 406 Ill. App. 3d 397, 401 (1st Dist. 2010) ("In 1985, the Illinois legislature enacted section 2–622 of the Code in an effort to curtail frivolous medical malpractice lawsuits."). None of these cases hold that failure to file a Section 2-622 certificate with an initial complaint precludes a plaintiff from succeeding on the merits—particularly in light of the abundant precedent cited above holding that a court *cannot* dismiss an initial complaint with prejudice for failing to attach an affidavit. *See, e.g.*, *Hahn*, 762 F.3d at 634 ("[F]ailure to permit a plaintiff to amend his complaint in order to comply with section 2–622 was an abuse of discretion.").

*Finally*, even if the failure to comply with Section 2-622 could be a basis for fraudulent joinder (and it cannot), fraudulent joinder does not exist based on the facts here because noncompliance with Section 2-622 does not mandate dismissal of Ms. Hobson's claim against Memorial Hospital. In the MDL related to this litigation, Abbott Laboratories removed cases

9

involving claims against Pennsylvania hospitals and argued that the hospitals were fraudulently joined because of the plaintiffs' "failure to file 'certificates of merit' (COMs)" as required under Pennsylvania law. *In re Abbott Labs. Preterm Infant Formula Nutrition Prods. Liab. Litig.*, 2022 WL 7501283, at *1 (N.D. Ill. Oct. 12, 2022). Unlike here where failure to file a certificate under Section 2-622 with an original complaint can only result in a dismissal *without* prejudice, failure to file COMs under Pennsylvania law could result in "entry of a judgment of *non pros*." *Id.* at *4. The MDL court nevertheless held that it could not be "certain that Plaintiffs' claims are doomed by their failure to submit a COM" because multiple steps would have to be taken before such judgments could be entered—the defendants would have to "file and serve a notice of intention to enter judgment of *non-pros*," then they would have to file a request "seeking entry of a judgment of *non-pros*," and only if certain conditions were met could the court enter judgment. *Id.* (internal quotation marks omitted). Even if judgment was entered, the plaintiffs could petition to "reopen" the judgment and it was not clear "how Plaintiffs would fare under th[e] . . . standard for reopening a *non-pros* judgment." *Id.* Accordingly, the MDL granted the plaintiffs' motion for remand.

The facts here are even stronger in favor of remand than in the MDL. Unlike in the MDL where it was unclear if the plaintiffs could cure their failure to file COMs and that failure alone could result in entry of judgment against them, Ms. Hobson plainly has the right to cure any noncompliance with Section 2-622 (and has already done so). Mead Johnson may argue that it is unclear if the St. Clair County Court would accept the certificate or whether it would be sufficient, but the court must "resolv[e] any doubt in favor of the plaintiff's choice of forum in state court" and conclude that it would. *Long*, 2023 WL 4558513, at *2. And there is directly on point case law, cited by Mead Johnson, showing that the lack of a certificate is not grounds for dismissal (let alone for fraudulent joinder). *Brooks v. HSHS Med. Grp., Inc.*, 2019 WL 2139993, at *2 (S.D. Ill.

May 16, 2019). Thus, Mead Johnson cannot meet its heavy burden of proving by clear and convincing evidence that Ms. Hobson will not be able to comply with Section 2-622 and therefore cannot show Memorial Hospital is fraudulently joined. Complete diversity exists. Remand is required. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## II.     The Court Should Award Attorneys' Fees And Costs

The Court should award Ms. Hobson her attorneys' fees and costs because Mead Johson's removal is frivolous and Mead Johnson knew that before removing this case. "[C]ourts remanding an improperly removed case 'may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'" *Doe by and through Doe v. Apple Inc.*, 2023 WL 3301795, at *6 (S.D. Ill. May 8, 2023) (quoting 28 U.S.C. § 1447(c)). Courts may award fees and costs "where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* (quoting *Gloron Ins. Grp. LLC v. Silverman*, 2020 WL 2198099, at *2 (W.D. Wis. May 6, 2020)).

As explained above, Mead Johnson's fraudulent joinder argument—its only basis for removal—is objectively unreasonable for multiple, independent reasons. It is black letter law that (1) failure to file a certificate of merit with an initial complaint *cannot* foreclose the merits of a plaintiff's medical malpractice claim, *Hahn*, 762 F.3d at 634, (2) Section 2-622 is a "technical pleading requirement[]" that "should not be utilized to deprive a plaintiff of a trial on the merits of a medical malpractice claim," *Leask*, 232 Ill. App. 3d at 339, and (3) such a pleading defect cannot support fraudulent joinder, *Korein Tillery*, 2017 WL 4005926, at *4.

Mead Johnson's removal is even more egregious because Mead Johnson *knew* its removal was baseless. Mead Johnson's Notice of Removal cites the *Brooks* case—which *denied* a motion to dismiss for noncompliance with Section 2-622 because it is "[a] mere oversight [that] does not

11

warrant dismissal" and Section 2-622 cannot be "use[d] . . . as a substantive defense to bar a plaintiff from establishing her case," 2019 WL 2139993, at *1, *3—*six different times*, showing that Mead Johnson was aware that the lack of a certificate of merit cannot possibly show that a plaintiff's claims lack merit. *See* Notice of Removal ¶¶ 1–2, 20–21, 23. And Mead Johnson is a party to the MDL (and represented by the same counsel involved in this case) and therefore knew that the fraudulent joinder standard "is even more favorable to the plaintiff than the standard that applies to a motion to dismiss." *In re Abbott Labs. Preterm Infant Nutrition Prods. Liab. Litig.*, 2022 WL 3586150, at *4 (quoting *Schur*, 577 F.3d at 764).

Before filing this remand motion, Ms. Hobson's counsel told Mead Johnson's counsel that its own case undermined its argument, and gave Mead Johnson an opportunity to voluntarily remand the matter, thereby avoiding this unnecessary remand briefing which the parties have now done in Pennsylvania, in California, in Missouri, and in the MDL. *See* Ex. 2. But Mead Johnson never responded, except for one lawyer to say he would not be able to respond and a different lawyer may promptly respond. *Id*. Making Mead Johnson's actions even more unreasonable, Mead Johnson was also aware of the MDL's order discussed above remanding to state court nearly thirty separate Pennsylvania cases that had been removed to federal court on fraudulent joinder arguments relying in part on the plaintiffs' failure to file certificates of merit. *In re Abbott Labs. Preterm Infant Formula Nutrition Prods. Liab. Litig.*, 2022 WL 7501283, at *4.

Mead Johnson nevertheless filed this baseless removal because its only goal is to delay resolution of Ms. Hobson's case. This is not the first NEC case Mead Johnson and its counsel have improperly removed to federal court, *see, e.g.*, *Mellenthin on behalf of K.M. v. Mead Johnson & Co.*, 2023 WL 7017721 (E.D. Mo. Oct. 25, 2023), and it will not be the last, unless Mead

Johnson is forced to finally account for its dilatory tactics that serve no purpose but to waste time and unnecessarily drain the resources of federal courts and plaintiffs' counsel alike.

## CONCLUSION

For the foregoing reasons, Ms. Hobson respectfully requests that the Court grant this motion to remand and award her costs and fees.

Dated: June 29, 2024

Respectfully submitted,

*/s/ Dave Cates*

Dave Cates (#6289198)
**THE CATES LAW FIRM, LLC**
216 W Pointe Dr., Suite A
Swansea, IL 62226
DCates@cateslaw.com

Ashley Keller (#6300171)
Benjamin J. Whiting (#6307321)
**KELLER POSTMAN, LLC**
150 N. Riverside Plaza, Ste. 4270
Chicago, IL 60606
ack@kellerpostman.com
ben.whiting@kellerpostman.com

Amelia Frenkel (*PHV forthcoming*)
**KELLER POSTMAN, LLC**
1101 Connecticut Ave., N.W., 11th Floor
Washington, DC 20036
amelia.frenkel@kellerpostman.com

*Attorneys for Plaintiff*

13

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 29, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

      Respectfully submitted,

      */s/ Dave Cates*
      Dave Cates