# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS
# EAST ST. LOUIS DIVISION

| | |
|---|---|
| SHAWNTESHIA HOBSON, on her own behalf and on behalf of her minor child, M.H., <br><br> *Plaintiff*, <br><br> v. <br><br> MEAD JOHNSON & COMPANY, LLC, MEAD JOHNSON NUTRITION COMPANY, and PROTESTANT MEMORIAL MEDICAL CENTER, INC. D/B/A MEMORIAL HOSPITAL – SHILOH, <br><br> *Defendants.* | Case No: 3:24-cv-1615-SPM |

**PLAINTIFF'S OPPOSITION TO MEAD JOHNSON & COMPANY, LLC AND MEAD JOHNSON NUTRITION COMPANY'S MOTION TO STAY PROCEEDING PENDING TRANSFER TO MDL 3026**

## INTRODUCTION

The Court should rule on Plaintiff's Motion to Remand because this Court lacks jurisdiction. "Without jurisdiction the court cannot proceed at all in any cause." *Ex parte McCardle*, 7 Wall. 506, 514 (1868). Mead Johnson & Company, LLC and Mead Johnson Nutrition Company (together, "Mead Johnson"), having first invoked jurisdiction that does not exist, now ask this Court to ignore the jurisdictional defects and instead to grant *them* relief: a stay of proceedings. That is improper precisely because "the first and fundamental question is that of jurisdiction;" to act without jurisdiction "is, by very definition, for a court to act ultra vires." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998) (Scalia, J.) (citation omitted). There is no jurisdiction here because there is no complete diversity. Fraudulent joinder does not apply because, among other reasons, Plaintiff has properly pled a meritorious claim against defendant Protestant Memorial Medical Center, Inc. ("Memorial Hospital") based on arguments that have already been accepted in Pennsylvania state court, California state court, Missouri state court, and the MDL court in remand orders.

Mead Johnson's request for a stay is useful only insofar as it confirms beyond doubt its thinly veiled strategy: grasping for any excuse to waste precious time in hopes that the delay will allow the case to be transferred to the massive NEC MDL without this Court reviewing whether jurisdiction is proper in the first place. Not only do bedrock jurisdictional principles impel this Court to consider its jurisdiction before Mead Johnson's request for relief, but considerations of judicial economy do so as well. Plaintiff is prejudiced by delay because of ongoing medical issues, and this case is properly before the Circuit Court for St. Clair County, Illinois.

# ARGUMENT

## I. This Court Must Decide Jurisdiction First.

As *Steel Co.* commands, a federal Court's first inquiry is *always* jurisdiction. The "requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." 523 U.S. at 94-95 (internal quotations and citations omitted). The Supreme Court could not have been clearer: "without exception" means Defendants' request to stay proceedings cannot leapfrog consideration of this Court's jurisdiction. For if this Court lacks jurisdiction, it lacks the power to act, and it must dismiss the case, exactly as Plaintiffs' Emergency Motion for Remand requests. *Id.* at 94 (citing *McCardle*, 7 Wall. at 514). That is precisely what the *Mellenthin* case did just a few months ago the last time Mead Johnson baselessly removed a NEC case appealing to fraudulent joinder, denying Mead Johnson's motion to stay before Plaintiff even had the chance to file an opposition brief. Order, *Mellenthin v. Mead Johnson & Co.*, No. 23-cv-1146, Dkt. 32 (Sept. 25, 2023) (attached as Exhibit 1). Numerous cases hold the same.[1]

## II. No Stay Factor Is Met.

Even if full consideration were warranted, none of the three factors Mead Johnson invokes are met. *See* Dkt. 8 (arguing for a stay based on (1) no prejudice to Plaintiff, (2) significant burdens on Mead Johnson, and (3) preservation of judicial resources).

---

[1] *E.g.*, *Robinson v. Ortho-McNeil Pharm., Inc.*, 533 F. Supp. 2d 838, 841 (S.D. Ill. 2008) ("With respect to the removing Defendants' request for a stay, it generally is not the Court's practice to allow cases in which the existence of subject matter jurisdiction is seriously at issue to remain pending long in federal court. The legal questions presented by the instant motion for remand are hardly novel ones for the Court, and they are quite as susceptible of resolution here as they are in the MDL court."); *Weese v. Union Carbide Corp.*, Civil No. 07–581, 2007 WL 2908014, at *1 (S.D. Ill. Oct. 3, 2007) ("This Court is as qualified to evaluate the factors establishing federal jurisdiction as any other federal court."); *Riddle v. Merck & Co.*, No. CIV. 06-172, 2006 WL 1064070, at *2 (S.D. Ill. Apr. 21, 2006).

As an initial matter, Mead Johnson says in the first sentence of its Argument that this Court has the inherent power to stay this case pending transfer to MDL 3026. That is of course not true, because this Court lacks subject matter jurisdiction to hear this case in the first instance.

In any case, Mead Johnson's arguments are entirely without merit. First, there is no judicial economy advantage. The cases Mead Johnson cites uniformly came when the question was less clear, and *before* the MDL court had ruled on remand orders. Defendants have run the same remove-and-transfer gambit, which has been repeatedly rejected. Most notably, the MDL court has *already* remanded dozens of cases involving non-diverse Hospital Defendants, and has retained jurisdiction over *none*, so there is no longer any comity or efficiency reason to send the case to the MDL in the first instance. The *Mellenthin* Court has done the same. The MDL court would be forced to address the topic yet again for this particular case, not consolidated with any other briefing occurring there. Mead Johnson points to a swath of cases not involving these same issues, and fails to point to any other case presenting the same remand issues—including with respect to fraudulent joinder.

Second, Mead Johnson is just wrong that a stay would be of "limited duration." Experience in this NEC litigation, and the previous baseless removals proves the point. When defendants removed cases properly filed in Pennsylvania and California state cases in early 2022, it took *several months* before they were remanded. At a time when these cases are already proceeding to trial, there is no way to justifiably say a delay of that long—especially on issues that have been resolved before and are so clear on the facts and the law—brings no prejudice on a Plaintiff who is only seeking their day in court.

Third, Mead Johnson would suffer no burden at all with a denial of the stay. Mead Johnson's stated concern is allowing this case to "proceed on a separate track" from the MDL

3

because it would be "forcing Mead Johnson to litigate the same issues in another forum." Mot. at 6. But this argument ignores the reality of this litigation, which is that these cases are already being litigated in state court and away from the MDL. Indeed, undersigned counsel have already gone to trial, against Mead Johnson, for the same allegations in the *Hobson* case, in the very court from which Mead Johnson takes it unfounded removal. The only "burden" to Mead Johnson if this case is not stayed and timely remanded is that it will have to once again face expedient justice in the same Court where a jury has already found their conduct liable.

## CONCLUSION

Plaintiffs respectfully request that the Court deny Mead Johnson's request for a stay. Mead Johnson has presented no substantial arguments in favor of removal, this Court must address jurisdiction before anything else, and in any case none of the factors for a stay weigh in their favor.

Dated: June 29, 2024                                    Respectfully submitted,

*/s/ Dave Cates*
Dave Cates (#6289198)
**THE CATES LAW FIRM, LLC**
216 W Pointe Dr., Suite A
Swansea, IL 62226
DCates@cateslaw.com

Ashley Keller (#6300171)
Benjamin J. Whiting (#6307321)
**KELLER POSTMAN, LLC**
150 N. Riverside Plaza, Ste. 4270
Chicago, IL 60606
ack@kellerpostman.com
ben.whiting@kellerpostman.com

Amelia Frenkel (*PHV forthcoming*)
**KELLER POSTMAN, LLC**
1101 Connecticut Ave., N.W., 11th Floor
Washington, DC 20036
amelia.frenkel@kellerpostman.com
*Attorneys for Plaintiff*

4

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served on all counsel of record or parties registered to receive CM/ECF Electronic Filings.

*/s/ Dave Cates*
Dave Cates