**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

SHAWNTESHIA HOBSON, on her own behalf and on behalf of her minor child, M.H.,

*Plaintiff*,

v.

MEAD JOHNSON & COMPANY, LLC, MEAD JOHNSON NUTRITION COMPANY, and PROTESTANT MEMORIAL MEDICAL CENTER, INC. D/B/A MEMORIAL HOSPITAL – SHILOH,

*Defendants.*

Case No: 3:24-cv-1615-SPM

**PLAINTIFF'S MOTION TO EXPEDITE THE BRIEFING SCHEDULE AND RULING ON PLAINTIFF'S MOTION TO REMAND**

COMES NOW Plaintiff, by and through her undersigned counsel, and for the Motion to Expedite the Briefing Schedule and Ruling on Plaintiff's Motion to Remand states:

1. Defendants Mead Johnson & Company LLC and Mead Johnson Nutrition Company's (together "Mead Johnson") baseless removal is a brazen and shameless play for prejudicial delay. As is more fully explained in Plaintiff's Motion to Remand ("Remand Motion") filed simultaneously with this motion, this case was improperly removed. Plaintiff in this action is a citizen of Illinois. Protest Memorial Medical Center, Inc. ("Memorial Hospital") is admittedly also a citizen of Illinois. There is incomplete diversity between the parties under 28 U.S.C. § 1332(d). There is thus no good faith basis to invoke this Court's diversity subject-matter jurisdiction and no other ground for removal has been argued.

2. Nobody knows this better than the manufacturing defendants in the ongoing necrotizing enterocolitis litigation ("NEC"). The defendants and their counsel have tried this precise gambit in dozens and dozens of cases across the country. They removed cases filed in state

courts in Pennsylvania, and California, and most recently Missouri. They have lost, and the cases remanded to the proper state court, every single time—most recently remanded by the Eastern District of Missouri before the case was even transferred to the ongoing MDL. They have no hope of remaining in federal court because every Article III judge to have considered these removals—including the very judge to whom they seek to have this action transferred—has reached the same ineluctable conclusion: Plaintiff's case belongs in state court, where it was filed.

3. The attempt at removal is predicated on the meritless allegation that Memorial Hospital was fraudulently joined in the case. But Mead Johnson knows well that it cannot carry its "heavy burden to establish fraudulent joinder." *Poulos v. Naas Foods, Inc*., 959 F.2d 69, 73 (7th Cir. 1992). That is because a removing defendant invoking this narrow exception to the complete-diversity rule "must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff *cannot* establish a cause of action against the in-state defendant. At the point of decision, the federal court must engage in an act of prediction: is there *any* reasonable possibility that a state court would rule against the non-diverse defendant? If a state court has come to judgment, is there any reasonable possibility that the judgment will be reversed on appeal?" *Id.* (emphasis added, internal quotations and citation omitted).

4. Judge Pallmeyer, who is overseeing similar cases in the federal MDL, has already told defendants that the negligence claims against hospital defendants like Memorial Hospital in these NEC cases have merit. *In re Abbott Lab'ys*, No. 22 C 71 (MDL 3026), 2022 WL 3586150, at *7-9 (N.D. Ill. Aug. 22, 2022). Instead, the sole basis for removal is that Plaintiff's complaint has a "technical defect" because they did not affix their certificate of merit to the complaint. Notice of Removal at ¶ 2. But that cannot be the basis for a fraudulent joinder removal. In the lead case cited by Mead Johnson, the court actually **denied** a defendant's motion to dismiss a second

amended complaint for the plaintiff's failure to affix the certificate to the complaint, noting that it was a readily curable technical defect. *Brooks v. HSHS Med. Grp., Inc.*, No. 3:18-CV-1097-NJR-GCS, 2019 WL 2139993, at *1-2 (S.D. Ill. May 16, 2019). As Judge Pallmeyer told the defendants the last time she had to remand NEC cases based on defendants' improper removal, the fraudulent joinder standard "is even more favorable to the plaintiff than the standard that applies to a motion to dismiss." *In re Abbott Lab'ys*, 2022 WL 3586150, at *4. The failure to affix the certificate is not even enough to secure a motion to dismiss; it is demonstrably insufficient to be the basis of removal for fraudulent joinder.

5. With no hope of remaining in federal court, why has Mead Johnson attempted a frivolous removal? Because their aim is not to invoke this Court's subject matter jurisdiction. It is instead a cynical attempt at gamesmanship and delay. When Mead Johnson previously went to trial facing allegations that their product caused a preterm infant's death, the jury agreed and awarded the family $60,000,000. Mead Johnson will do anything to delay the next trial, including, it seems, baseless removal.

6. Mead Johnson's hope is that this Court will simply turn a blind eye to the rules, allow the Judicial Panel on Multidistrict Litigation to transfer the case, and punt the remand decision to the MDL Judge. The process of shuttling this case to from Illinois state court, to the Southern District of Illinois, to the Judual Panel on Multidistrict Litigation, and finally to the Northern District of Illinois, where the parties will resubmit the same motion to remand, will purchase Mead Johnson several months of delay. But the remand outcome is still preordained: the MDL judge has *already* remanded almost identically situated plaintiffs, and history is sure to repeat itself. And Defendants have made the cold calculation that the benefit of that lengthy delay

and any penalty they may pay for creating it is better than facing another jury. This Court should not countenance these tactics.

7. Mead Johnson has invoked the jurisdiction of this Court, and this Court has ample authority to make Defendants defend their frivolous removal attempt well before the case is whisked away to the MDL.[1] The matter should be remanded with alacrity, and Defendants should pay just costs for their heartless cynicism.

8. No new or novel issues are presented, such that this matter is ripe for immediate remand. Plaintiff urges this Court to expedite the briefing schedule and ruling on remand in this matter so as to avoid rewarding these wasteful and transparent delay tactics. *See, e.g., Hilbert v. Aeroquip, Inc.,* 486 F. Supp. 2d 135, 142 (D. Mass. 2007) ("[T]his court finds no reason to require the plaintiffs to suffer the undeniable delays inherent in all MDL asbestos cases unless there is federal jurisdiction. To undergo such a lengthy process to find out that there is no federal jurisdiction would be a travesty of justice . . . ."); *Dinwiddie Cnty., Virginia v. Purdue Pharma, L.P.*, No. 3:19-CV-242, 2019 WL 2518130, at *7 (E.D. Va. June 18, 2019) ("This extensive delay is a significant prejudice to [Plaintiff] as it will not be able to effectively prosecute its case even though there is no federal jurisdiction. Further, judicial efficiency will not be promoted because the case should proceed in state court as soon as possible since there is no federal jurisdiction in this case."). The same holds true for Plaintiff's case, where there is no federal jurisdiction.

[1] *See, e.g.*, *Robinson v. Ortho-McNeil Pharm., Inc.*, 533 F. Supp. 2d 838, 841 (S.D. Ill. 2008) ("With respect to the removing Defendants' request for a stay, it generally is not the Court's practice to allow cases in which the existence of subject matter jurisdiction is seriously at issue to remain pending long in federal court. The legal questions presented by the instant motion for remand are hardly novel ones for the Court, and they are quite as susceptible of resolution here as they are in the MDL court.") (citing cases); *Riddle v. Merck & Co.*, No. CIV. 06-172-GPM, 2006 WL 1064070, at *2 (S.D. Ill. Apr. 21, 2006).

9. Mead Johnson will not be prejudiced by the prompt disposition of this matter, as Mead Johnson has briefed this precise issue multiple times in multiple courts. Plaintiff, by contrast, stands to endure irreparable prejudice.

WHEREFORE, Plaintiff respectfully request an expedited ruling on Plaintiff's Motion to Remand to Illinois State Court and for a shortened briefing schedule on these proceedings as follows:

Plaintiffs have filed their Remand Motion on June 29, 2024 simultaneously with this motion.

Defendants' Opposition will be due on or before July 2, 2024.

Plaintiffs' Reply will be due on or before July 3, 2024, though Plaintiffs may waive their right to a reply. And Plaintiffs urge the Court not to wait for the Reply to rule if it is satisfied that the issues have been fully addressed.

Plaintiffs respectfully submit that a hearing on this matter is unnecessary, but should the Court find otherwise, counsel for Plaintiff can be available anytime the Court deems fit.

Dated: June 29, 2024

Respectfully submitted,

*/s/ Dave Cates*

Dave Cates (#6289198)
**THE CATES LAW FIRM, LLC**
216 W Pointe Dr., Suite A
Swansea, IL 62226
DCates@cateslaw.com

Ashley Keller (#6300171)
Benjamin J. Whiting (#6307321)
**KELLER POSTMAN, LLC**
150 N. Riverside Plaza, Ste. 4270
Chicago, IL 60606
ack@kellerpostman.com
ben.whiting@kellerpostman.com

Amelia Frenkel (*PHV forthcoming*)
**KELLER POSTMAN, LLC**
1101 Connecticut Ave., N.W., 11th Floor
Washington, DC 20036
amelia.frenkel@kellerpostman.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served on all counsel of record or parties registered to receive CM/ECF Electronic Filings.

Respectfully submitted,

*/s/ Dave Cates*
Dave Cates