**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

SHAWNTESHIA HOBSON, on her own behalf on behalf of her minor child, M.H.

*Plaintiff*,

v.

MEAD JOHNSON & COMPANY, LLC, MEAD JOHNSON NUTRITION COMPANY, and PROTESTANT MEMORIAL MEDICAL CENTER, INC., D/B/A MEMORIAL HOSPITAL – SHILOH,

*Defendants*.

Case No: 3:24-cv-1615-SPM

**THE MEAD JOHNSON DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO EXPEDITE BRIEFING ON REMAND**

COME NOW Defendants Mead Johnson & Company LLC, and Mead Johnson Nutrition Company (collectively "Mead Johnson"), by and through undersigned counsel, and for their Opposition to Plaintiff's Motion to Expedite the Briefing Schedule and Ruling on Plaintiff's Motion to Remand state:

1. This case arises from allegations that nutritional products designed to meet the needs of very low birthweight premature infants cause the infants to develop a serious medical condition known as "Necrotizing Enterocolitis" (also known as "NEC"). Numerous Plaintiffs have travelled from across the United States to file actions against Mead Johnson and Abbott Laboratories in Madison and St. Clair Counties. Over the last three years, Mead Johnson has removed approximately 30 cases from state courts in Southern Illinois and Eastern Missouri. To date, only a single case of these has been remanded.

2. The plaintiff in this case filed a complaint that violated a substantive requirement of Illinois law – affixing a certificate of merit to support a claim for Healing Art Malpractice. At

the time this complaint was filed, which is the relevant time for determining the existence of diversity jurisdiction, it had no possibility of success. *United Farm Bureau Mut. Ins. Co. v. Metro. Hum. Rels. Comm'n,* 24 F.3d 1008, 1014 (7th Cir. 1994) ("It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed." (*quoting In re Carter*, 618 F.2d 1093, 1101 (5th Cir.1980)). Mead Johnson accordingly removed this action from the Circuit Court of St. Clair County on June 27, 2024.

3. Plaintiff accuses Mead Johnson of improper delay, arguing that this Court, and not the MDL court, should hear her motion for remand. For the reasons set forth above, Plaintiff's motion is incorrect as to the merits of Mead Johnson's removal. But Plaintiff's accusations are also unfounded regarding Mead Johnson's alleged motive. To be clear, Mead Johnson has notified the Judicial Panel on Multidistrict Litigation that this case is pending, as it is unquestionably related to an existing MDL. In the interim, however, Mead Johnson has no objection to this Court hearing Plaintiff's motion for remand.

4. Plaintiff's request that Mead Johnson be limited to two business days to brief its opposition to remand, however, should be **denied.** LR 7.1(b)(1)(A) allows a Defendant opposing remand to have 30 to submit its opposition brief. Mead Johnson requests half that time - **fifteen (15) days** - to submit its opposition. This should allow ample time for a decision before this matter is transferred to the MDL should this Court wish to consider Plaintiff's motion.

WHEREFORE, for the above stated reasons, Mead Johnson respectfully requests that Plaintiffs' Motion to Limit Mead Johnson to an Opposition deadline of two (2) days be denied, and that **Mead Johnson be allotted until July 16 to file its Opposition** to Plaintiff's Motion for

Remand and Sanctions.

Dated: July 1, 2024

Respectfully submitted,

*/s/ Anthony J. Anscombe*
Anthony J. Anscombe
**STEPTOE LLP**
227 West Monroe St., Suite 4700
Chicago, IL 60606
(312) 577-1265
aanscombe@steptoe.com

*Attorneys for Defendants, Mead Johnson & Company, LLC, Mead Johnson Nutrition Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served on all counsel of record or parties registered to receive CM/ECF Electronic Filings.

Respectfully submitted,

*/s/ Anthony J. Anscombe*
Anthony J. Anscombe