IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SHAWNTESHIA HOBSON,** on her own behalf and on behalf of her minor child, M.H.,<br><br>**Plaintiff,**<br><br>v.<br><br>**MEAD JOHNSON & COMPANY, LLC, MEAD JOHNSON NUTRITION COMPANY,** and **PROTESTANT MEMORIAL MEDICAL CENTER, INC.,**<br><br>**Defendants.** | Case No. 24-CV-1615-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the court are the following motions: (1) Motion to Dismiss for Failure to State a Claim filed by defendants Mead Johnson & Company, LLC and Mead Johnson Nutrition Company, collectively referred to as "Mead Johnson" (Doc. 7); (2) Motion to Remand filed by plaintiff Shawnteshia Hobson ("Hobson") (Doc. 11); and, (3) Motion to Dismiss Count VI filed by defendant Protestant Memorial Medical Center, Inc. ("Memorial Hospital") (Doc. 16).

For the reasons set forth below, the motion to remand is **GRANTED**; therefore, the Clerk shall remand this matter to the Twentieth Judicial Circuit, St. Clair County, Illinois. Accordingly, the motions to dismiss are denied as moot**.**

### BACKGROUND AND PROCEDURAL HISTORY

On May 28, 2024, Hobson filed suit against Mead Johnson and Memorial Hospital in the Twentieth Judicial Circuit, St. Clair County, Illinois, cause number 24LA0735. (Doc. 1-1). Hobson brought this action as a result of injuries sustained by her minor child,

M.H., who had been given Mead Johnson's cow's milk-based infant feeding products while hospitalized at Memorial Hospital and was diagnosed with necrotizing enterocolitis. (*Id.*). The complaint asserted five counts against Mead Johnson – strict liability for design defect, strict liability for failure to warn, negligence, intentional misrepresentation, and negligent misrepresentation – as well as one count of institutional misrepresentation, or medical malpractice, against Memorial Hospital. (*Id.*).

On June 27, 2024, Mead Johnson filed a timely Notice of Removal pursuant to 28 U.S.C. §§1332(a), 1441, and 1446 based upon diversity of jurisdiction. (Doc. 1). Within the notice, Mead Johnson contended that Hobson fraudulently joined Memorial Hospital, which is located within St. Clair County, Illinois, to this action to prevent removal under 28 U.S.C. § 1441 (b)(2), and as such, the residency of the hospital should be disregarded. (*Id.*). Specifically, Mead Johnson pointed out that Hobson failed to attach an Affidavit pursuant to the Illinois Healing Art Malpractice Act, 735 ILCS 5/2-622(a)(1), to support her claim of medical malpractice.[1] (*Id.*). As such, Mead Johnson asserted that Memorial Hospital is not a viable defendant so complete diversity existed with Hobson and the amount in controversy exceeded $75,000. (*Id.*).

On that same date, Mead Johnson filed an answer to counts I-III, along with a motion to dismiss counts IV & V pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docs. 6-7). Mead Johnson also filed a motion to stay proceeding pending transfer to MDL 3026 contending that courts in districts nationwide stayed proceedings in related actions[2]. (Doc. 8, p.2, fn1).

---

[1] To minimize frivolous malpractice suits, Illinois law requires the plaintiff to file a physician's certificate of merit and accompanying report with every malpractice complaint. *See* 735 Ill. Comp. Stat. 5/2–622; *McCastle v. Sheinkop,* 520 N.E.2d 293, 294 (Ill. 1987).

On June 29, 2024, Hobson filed her motion to remand and countered the argument that Memorial Hospital was fraudulently joined to defeat diversity jurisdiction. (Doc. 11). Hobson also attached a certificate of merit to her motion, thereby correcting any noncompliance with 735 ILCS 5/2-622. (Doc. 11-1). In support of her motion, Hobson sought fees and costs because the removal was "frivolous", "egregious", and "Mead Johnson knew that before removing this case". (*Id.*). On this same date, Hobson filed a response opposing the motion to stay. (Doc. 12).

On July 1, 2024, Memorial Hospital filed its motion to dismiss count VI, or in the alternative, for a more definite statement. (Doc. 16). Memorial Hospital's motion focused on alleged pleading deficiencies, including but not limited to the lack of an Affidavit pursuant to Section 622(a)(1). (*Id.*). Memorial Hospital did not mention removal, remand, fraudulent joinder, and/or diversity.

On July 16, 2024, Mead Johnson filed their response in opposition to motion to remand. (Doc. 20). Within the response, Mead Johnson reiterated the prior arguments regarding fraudulent joinder and insinuating that Hobson novelly alleged medical malpractice against the local hospital for the first time just to defeat complete diversity. (*Id.*). Mead Johnson also renewed prior arguments that Memorial Hospital was not even a valid party since there was no certificate of merit, which is required under Illinois law. (*Id.*).

On July 17, 2024, Hobson filed a reply to Mead Johnson's response regarding remand, doubling down on her original arguments and again, seeking sanctions for Mead

---

[2] The undersigned notes that Mead Johnson cited a case within this district, i.e., *Monzon v. Abbott Laboratories*, 3:21-cv-1703-SMY; however, it is important to note that in the *Monzon* case, Judge Yandle DENIED, not granted, *Defendant's Motion to Stay Pending JPML Ruling on Consolidation and Transfer*.

Johnson's conduct in removal. (Doc. 22). Specifically, Hobson pointed out that it had ultimately complied with the Healing Arts Malpractice Act, but Mead Johnson had not agreed to remand. (*Id*.).

The Court will address Hobson's motion to remand before proceeding to any of the other motions. Indeed, jurisdiction must be resolved before the merits of plaintiff's claims. *See Yassan v. J.P. Morgan Chase & Co.,* 708 F.3d 969, 967 n.1 (7th Cir. 2013).

## LEGAL STANDARD

Removal is governed by 28 U.S.C. §1441 and states in pertinent part, "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a). In other words, a defendant may remove a case to federal court from state court if there is federal subject matter jurisdiction. 28 U.S.C. §1441(a). The party seeking removal, as the proponent of federal subject matter jurisdiction, has the burden of proof as to the existence of such jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006). "Courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

Removal based on federal diversity jurisdiction requires that the parties to a case be of completely diverse state citizenship, and that the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). Complete diversity means that "none of the parties on either side

of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell by Goerdt v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997).

## ANALYSIS

"A plaintiff typically may choose its own forum, but it may not join a nondiverse defendant simply to destroy diversity jurisdiction." *Schur,* 77 F.3d at 763; *See also Gottlieb v. Westin Hotel Co.,* 990 F.2d 323, 327 (7th Cir.1993). Under the fraudulent joinder doctrine, where complete diversity of citizenship is lacking, a federal court may "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Schur*, 577 F.3d at 763 (quotations and citations omitted). The fraudulent joinder doctrine tries to strike a reasonable balance between two competing policy interests – namely, plaintiff's right to select the forum and defendant's statutory right of removal. *See Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013).

There is no question that complete diversity does not exist in this case as both Hobson and Memorial Hospital are residents of Illinois; however, that is not the end of the inquiry. Indeed, Mead Johnson contends that Memorial Hospital was fraudulently joined in this action. (Doc. 20). Under this circuit's precedent, "[f]raudulent joinder occurs either when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993).

Here, Mead Johnson does not assert that Hobson made false allegations of jurisdictional facts; therefore, Mead Johnson has the heavy burden of proving, that after

the court resolves all issues of law and fact in a plaintiff's favor, there is no reasonable probability that the plaintiff (Hobson) can establish a cause of action against the diversity-defeating defendant (Memorial Hospital) in state court. *See Morris*, 718 F.3d at 666; *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). Courts only assess whether the plaintiff's complaint provides a reasonable basis for recovery against an in-state defendant, not whether the plaintiff will ultimately be successful on the merits. *Asperger v. Shop Vac Corp.*, 524 F.Supp.2d 1088, 1096 (S.D. Ill. 2007). In fact, even if a state court may ultimately find a plaintiff has failed to state a claim against a defendant, joinder of the claim is not "fraudulent" for purposes of jurisdiction so long as the state law issue is subject to reasonable argument on both sides. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 853 (3d Cir. 1992).

There does not appear to be any respect or love lost between the parties in this case. Indeed, in the motion to remand, Hobson refers to a "pattern of obstruction and delay" by Mead Johnson, claiming that the removal was "part of an ongoing pattern of frivolous removals." (Doc. 11). Hobson contends that Mead Johnson cannot meet its "heavy burden" that Memorial Hospital was fraudulently joined because Memorial Hospital is an Illinois entity, and because Hobson rectified its pleading deficiency when it attached both a physician affidavit and an attorney affidavit in compliance with the Act to its motion. (*Id.*).

In response to Hobson's motion to remand, Mead Johnson countered that it properly removed the case and that Hobson's failure to comport with Section 2-622 of the Illinois Healing Art Malpractice Act ("the Act") results in "no chance of success" on any alleged claims against the hospital. (Doc. 20, p. 6). Mead Johnson repeatedly referenced

other claims involving necrotizing enterocolitis ("NEC"), as well as the purported motives behind the claims, but did not provide factual support for their bare assertions. Instead, Mead Johnson baldly concluded that Hobson, and other NEC plaintiffs, had no intention to pursue claims against hospitals. As such, Mead Johnson summarily concluded that the designation of Memorial Hospital was fraudulent, and that Hobson's failure to comply with the Act should result in dismissal. (*Id*.). Moreover, Mead Johnson contended that it was irrelevant that Hobson provided the requisite Certificate of Merit as an exhibit to the motion, because jurisdiction is determined at the time of removal, and in this case, there was no certificate filed with the complaint so there is no doubt that the complaint was non-compliant. (*Id*.).

In order to determine whether the absence of a Certificate of Merit pursuant to the Act results in "no chance of success", the undersigned must look to the statute itself. Illinois enacted the statute to minimize frivolous malpractice suits. *See* 735 Ill. Comp. Stat. §  5/2–622; *McCastle v. Sheinkop,* 520 N.E.2d 293, 294 (Ill. App. Ct. 1987).

The Act begins as follows:

> "§ 2-622. Healing art malpractice.
>
> (a) In any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice, the plaintiff's attorney or the plaintiff, if the plaintiff is proceeding pro se, shall file an affidavit, attached to the original and all copies of the complaint, …"

Illinois courts liberally construe certificates of merit in favor of the plaintiff and federal courts follow that practice. *Rusinowski v. Village of Hillside,* 835 F.Supp.2d 641 (N.D. Ill. 2011). The statute is a tool to reduce frivolous lawsuits by requiring a minimum amount of merit, not a likelihood of success. *See Cammon v. West Suburban Hosp. Med.*

*Ctr.*, 704 N.E.2d 731, 738–39 (Ill. App. Ct. 1998). Indeed, plaintiffs should not lose substantive rights merely because they have not complied with the statute. *Cothren v. Thompson,* 826 N.E.2d 534 (Ill. App. Ct. 2005). Furthermore, the absence of strict technical compliance is one of form and not one of substance, and failure to file an affidavit should not interfere with spirit or purpose of the statute. *Apa v. Rotman,* 680 N.E.2d 801 (Ill. App. Ct. 1997).

The Act concludes as follows:

> "(g) The failure to file a certificate required by this Section shall be grounds for dismissal under Section 2-619."

Although the statutory language indicates that "failure to file a certificate … shall be grounds for dismissal", Illinois courts have held that when a plaintiff fails to attach a certificate and report, "a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2–622 before her action is dismissed with prejudice." *Cammon*, 704 N.E.2d at 739.

In this case, plaintiff did not amend her complaint; however, she did provide the requisite affidavit in her first pleading in this court, i.e., motion to remand. As an aside, the undersigned would grant Hobson leave to amend the pleading and attach a certificate of merit. There is no question that the certificate of merit attached to the motion to remand cures the technical defect, so the Court declines to exercise its discretion to dismiss the count against Memorial Hospital on that ground. *See Hagood v. O'Conner*, 165 Ill. App. 3d 367, 374, 519 N.E.2d 66, 70 (1988) ("The Healing Arts Malpractice Act was enacted to deter non-meritorious litigation. It should not be so strictly construed that exquisite and fine technicalities can be used as a means of stripping plaintiffs of their substantive rights and their day in court.").

Mead Johnson cited to portions of an Order from Judge Nancy Rosenstengel regarding the filing of a 2-622 certificate of merit[3], presumably to support its argument that the certificate of merit is a necessary filing requirement, however, other than providing a snippet of the decision, Mead Johnson neglected to provide sufficient information on the case and/or to advise as to the outcome, which was contrary to its very position. In Brooks, defendant sought dismissal for failure to comply with the requirements of 735 ILCS 5/2-622 and remand of the companion case for lack of subject matter jurisdiction. On May 16, 2019, Judge Rosenstengel entered a memorandum and order wherein she conducted an extensive analysis of the application of Section 2-622 before denying the motion to dismiss and granting leave to amend.

> "A certificate of merit affidavit and physician's report must be attached to the complaint; failure to attach the required documents warrants dismissal without prejudice. § 2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). Illinois courts liberally construe certificates of merit in favor of the plaintiff, recognizing the statute as a tool to reduce frivolous lawsuits by requiring a minimum amount of merit, not a likelihood of success. *Sherrod*, 223 F.3d at 613.
>
> As discussed in the Court's previous order (Doc. 33), Illinois courts have found that a "sound exercise of discretion" mandates that a plaintiff be afforded the opportunity to amend her complaint to comply with Section 2–622. *See Fox v. Gauto*, 995 N.E.2d 1026, 1030 (Ill. App. Ct. 2013); *Schroeder v. Northwest Cmty. Hosp.*, 862 N.E.2d at 1021 (Ill. App. Ct. 2006); *Cammon v. West Suburban Hosp. Medical Ctr.*, 704 N.E.2d 731, 739 (Ill. App. Ct. 1998); *Cuthbertson v. Axelrod*, 282 Ill. App. 3d 1027, 1034, 669 N.E.2d 601, 606 (Ill. App. Ct. 1996) ("Amendments to pleadings are liberally allowed to enable medical malpractice claims to be decided on their merits rather than on procedural technicalities."). To hold otherwise would permit a defendant to use Section 2-622 as a substantive defense to bar a plaintiff from establishing her case. *Id.*
>
> Dismissing an action with prejudice for failure to comply with Section 2-622 is only warranted where plaintiff's counsel is clearly "unwilling or unable to comply with statutory requirements." *Giegoldt v. Condell*

---

[3] *Brooks v. HSHS Med. Group, Inc.*, 18-CV-1097-NJR, 2019 WL 2139993 (S.D. Ill. 2019).

> *Med. Ctr.*, 328 Ill. App. 3d 907, 914, 767 N.E.2d 497, 503 (2002), *overruled on other grounds by O'Casek v. Children's Home & Aid Soc. of Illinois*, 229 Ill. 2d 421, 892 N.E.2d 994 (2008).
>
> Here, Defendant United States of America has filed a motion to dismiss because—for a third time—Brooks has failed to adhere to the requirements of Section 2-622. Specifically, Brooks failed to attach the affidavits of merit and physician reports filed with her First Amended Complaint to her Second Amended Complaint (Doc. 59). The United States also argues that the previously filed affidavits and reports are deficient under Illinois law. After the motion to dismiss was filed, Brooks filed the previously-filed affidavits of merit and physician reports as Exhibits 1-6 (Doc. 61). Brooks also filed a Motion for Leave to File Third Amended Complaint (Doc. 62).
>
> Despite Brooks's failure to attach the required affidavits and physician's reports, the Court declines to dismiss her case. In *Giegoldt*, cited by the United States, the court exercised its discretion to dismiss with prejudice because the plaintiff's counsel "never came close to complying with the statute's requirements," despite the court's multiple attempts to guide the plaintiff to do so. *Giegoldt*, 767 N.E.2d at 503. In this case, though, counsel has shown an ability and willingness to comply with Section 2-622 when she attached the affidavits and physician reports to the First Amended Complaint. A mere oversight does not warrant dismissal of the Second Amended Complaint."

The undersigned concurs with the rationale and analysis set forth by Judge Rosenstengel. Hobson has not just demonstrated her ability to comply, she has actually complied by willingly attaching the certificate and affidavit to her motion to remand.

As set forth *infra,* Mead Johnson bears the burden of establishing fraudulent joinder and must show that, after resolving all issues of fact and law in favor of Hobson, that she cannot establish a cause of action against Memorial Hospital. To decide this, the undersigned must engage in an act of prediction: Is there any reasonable probability that the state court could rule against a non-diverse defendant? If so, then joinder is not fraudulent. Memorial Hospital is clearly connected to Hobson's claims as Memorial Hospital is where the minor, MH, was provided Mead Johnson's cow's milk-based infant

feeding products. (Doc. 1-1). Furthermore, this Court finds that any technical defects have been rectified before any parties have been dismissed.

While this Court does not know why no certificate of merit was attached to the underlying state court complaint or why no attorney affidavit was filed seeking additional time to file a certificate of merit, it notes the extremely tight timeline in this case. Hobson was well within the 90-day extension of time window when she attached the certificate of merit and attorney affidavit to her motion to remand. Indeed, the complaint was filed on May 28, 2024, the notice of removal was filed on June 27, 2024, and the motion for remand that included the certificate of merit was filed on June 29, 2024.

Because the removal statute is narrowly construed and because any doubts about removal must be resolved in favor of remand, this action must be remanded. *See Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993).

**Requests for Costs and Fees**

Finally, Hobson asks the Court to order Mead Johnson to pay the attorney fees and costs associated with removal. (Doc. 11, p. 11). The removal statute encourages litigants to make liberal use of federal courts, so long as the right to remove is not abused. However, attorney's fees may be awarded under 28 U.S.C. §1447(c) when the removal was unreasonable.

As a general rule, if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees. *Lott v. Pfizer, Inc.,* 492 F.3d 789, 793 (7th Cir. 2007). By contrast, if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees. *Id.*

In this case, it is clear that there is tension and animosity between the parties, but it is also clear that Hobson neglected to file either a certificate of merit or an attorney affidavit that comported with the requirements of 735 ILCS 5/2-622. Moreover, there is some confusion as to the law because the statutory language indicates that a cause of action "shall" be dismissed for non-compliance while the case law supports judicial discretion. As such, the Court will deny Hobson's request that attorney's fees and costs associated with the removal be awarded.

## CONCLUSION

For these reasons, the Motion to Remand (Doc. 11) filed by Plaintiff Shawnteshia Hobson is **GRANTED**. The motions to dismiss are denied as moot. (Docs. 7, 16). This action is **REMANDED** to the Circuit Court of St. Clair County, Illinois, for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**DATED:** <u>October 2, 2024</u>

*s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United Stated District Court**